United States District Court
Southern District of Texas
**ENTERED**
June 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGIE MARKS, *Plaintiff,* v. ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, *Defendant.* | CASE NO. 4:18-CV-349 |

## MEMORANDUM AND ORDER

Plaintiff Georgie Marks seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Before the Court for decision pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c) are the parties' motions for summary judgment. ECF Nos. 12, 14. Based on the administrative record, ECF No. 4, the parties' briefing, and the applicable law, and for the reasons given below, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's motion, **VACATES** the Commissioner's decision, and **REMANDS** this matter to the Commissioner for further proceedings consistent with this opinion.

## I. Background

Plaintiff applied for disability insurance benefits and supplemental security income in April of 2015. ECF No. 4-6 at 2, 4. Fifty-five years old at the time, Plaintiff alleged disability with an onset date of May 1, 2014 due primarily to arthritis in all major joints, high blood pressure, and cardiac arrhythmia. ECF No. 4-6 at 2-9; ECF No. 4-7 at 11. Before she became unable to work, Plaintiff had held several jobs, including as a security guard, a laborer at a staffing agency, an administrator at a gas company, an administrative assistant in retail, and an accounting position in an engineering company. ECF No. 4-7 at 12.

The Commissioner denied Plaintiff's applications administratively. Upon Plaintiff's request, a hearing was held before Administrative Law Judge Gary J. Suttles ("ALJ"). ECF No. 4-3 at 35-96. In a written decision dated August 28, 2017, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. ECF No. 4-3 at 13-23. Applying the five-step sequential process for assessing disability claims, the ALJ made findings and conclusions detailed in the margin below.[1]

---

[1] At Step One, the ALJ found that Plaintiff had no engaged in substantial gainful activity since the alleged onset date of May 1, 2014. ECF No. 4-3 at 15. At Step Two, the ALJ found that Plaintiff has the following severe impairments: obesity, arthritis, and degenerative disc disease. *Id.* at 16. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the pertinent regulations. *Id.* at 17. At the RFC Assessment stage, the ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)." *Id.* The ALJ found that Plaintiff:

2

Plaintiff requested review of the ALJ's decision by the Appeals Council, which denied her request. ECF No. 4-3 at 2. Plaintiff then commenced this suit. ECF No. 1.

## II. Legal Standard

"Judicial review of the Commissioner's decision to deny benefits 'is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied.'" *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is "something more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

---

> can lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and walk for 4 of 8 hours each in an 8-hour workday and sit for 6 of 8 hours for a full 8-hour workday. [Plainitff]'s ability to push/pull and her gross and fine dexterity are unlimited with the exception of occasional pushing/pulling with the lower extremities, bilaterally, and frequent hand use, bilaterally. She can occasionally climb stairs but cannot climb ropes, ladders or scaffolds or run. The claimant can occasionally bend, stoop, crouch, crawl, balance, and twist, but cannot squat. There is no mental impairment.

*Id.* at 17-18. At Step Four, the ALJ found that Plaintiff is capable of performing past relevant work as a preschool teacher, accounts payable clerk, administrative secretary, personnel scheduler, and security guard, and that said work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. *Id.* at 22. Lastly, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from May 1, 2014 through the date of the decision. *Id.* at 23.

A reviewing court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (internal quotation marks and citation omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision, and it involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); *Singletary v. Brown*, 798 F.2d 818, 822–223 (5th Cir. 1986). A reviewing court must scrutinize the record as a whole, taking into account whatever in the record fairly detracts from its weight. *Id.* A court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). As the parties here seek disposition by means of summary judgment, the Court applies Federal Rule of Civil Procedure 56, which states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. Analysis

Plaintiff argues that the ALJ's RFC assessment is internally inconsistent because it finds that Plaintiff can stand or walk no more than four hours per day

while simultaneously finding that Plaintiff can lift and carry items "frequently." The Court agrees with Plaintiff's contention.

The ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)." ECF No. 4-3 at 17. In addition, the ALJ found that Plaintiff can "stand and walk for 4 of 8 hours each in an 8-hour workday" *and* that Plaintiff "can lift and/or carry 10 pounds frequently and 20 pounds occasionally." ECF No. 4-3 at 17. Plaintiff maintains that she can stand or walk for no more than two hours per day, but assuming arguendo that the ALJ justifiably found that Plaintiff can walk or stand for up to four hours in an eight-hour work day, that finding is inconsistent with the finding regarding Plaintiff's lifting and carrying ability and the overall finding regarding Plaintiff's capacity to perform "light work."

The pertinent regulations define "light work" as follows:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b); *id.* § 416.967(b) (same). Furthermore, Social Security Ruling 83-10 explains "light work" as follows:

> 2. *Light work*. The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position.
>
> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983).

In the light of these authorities, the ALJ's finding that Plaintiff is limited to standing and walking for four hours out of an eight-hour workday is inconsistent with his finding that Plaintiff "can lift and/or carry 10 pounds frequently." As explained in SSR 83-10, "frequent lifting or carrying of objects weighing up to 10

6

pounds . . . requires being on one's feet up to two-thirds of a workday," that is, "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." But Plaintiff cannot stand and walk for *up to* 6 hours per workday if she is limited to standing and walking for *at most* 4 hours per workday. The ALJ's decision thus contains a fundamental logical inconsistency and cannot stand.

*Villarreal v. Colvin*, 221 F. Supp. 3d 835 (W.D. Tex. Nov. 22, 2016), supports this result. There, the court reversed the Commissioner's denial of the plaintiff's application for disability insurance benefits because the ALJ's determination that the plaintiff's RFC permitted him to "only stand or walk for two hours in an 8-hour workday" was "inconsistent" with the ALJ's finding that the plaintiff could perform "light work." *Id.* at 849–51. As the court explained, "work at the light exertional level requires standing or walking from one-third to two-thirds of an 8-hour day, which is a greater period of time than the two hours to which the ALJ limited plaintiff." *Id.* at 851. The principle of *Villarreal* applies to the present case because being able to stand and walk for up to 6 hours necessarily requires being able to stand and walk for more than 4 hours, an ability the ALJ found that Plaintiff does not have. That Plaintiff may be able to stand and walk for more than one-third of an eight-hour workday (the lower limit of the range implied by the "light work" restriction) is irrelevant. For in the absence of an express finding or explanation otherwise—and the ALJ's decision contains neither—the ALJ's Step Four finding

7

that Plaintiff's past relevant work "does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity" must be read to mean that Plaintiff's past relevant work *does* require her to perform work-related activities up to the upper limit of her RFC. Any other reading would risk denying Plaintiff benefits to which she is legally entitled and would upend the well-settled rule which places the burden of fully articulating the basis for a decision on the ALJ. *E.g.*, *Copeland*, 771 F.3d at 923. For the same reason, Defendant's argument that "the ALJ's RFC assessment limited Plaintiff to standing and walking for 4 of 8 hours each in an 8-hour workday, which is well *within* the standing and walking restrictions consistent with work at the light exertional level," ECF No. 14 at 10 (emphasis), is without merit.

Because Defendant does not argue that the ALJ's error was harmless, this Court will not consider that issue. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 445 (5th Cir. 2000) (arguments not raised on appeal are deemed abandoned). Furthermore, even if the Court could consider the issue, the record does not clearly establish that the error was harmless, and in fact suggests just the opposite. For example, the ALJ found that Plaintiff can perform her previous job of security guard—a finding which presumably resulted in part from the RFC assessment—even though the vocational expert testified that that job requires spending "perhaps most of [one's] time on [one's] feet." ECF 4-3 at 94.

In sum, this Court can only affirm a decision based on the rationale that the Commissioner gave for it. When the stated rationale is logically inconsistent, as it is here, this Court cannot uphold it. The fact that the ALJ's RFC assessment is self-contradictory is sufficient to remand this matter to the agency for a new hearing and full reconsideration on the merits.[2]

### IV. On remand, this case must be reassigned to a different ALJ.

In the course of reviewing the record in this matter, the Court came upon two extremely troublesome portions of the transcript of the hearing before the ALJ.

First, the ALJ subjected Plaintiff to an intrusive and humiliating interrogation regarding her sexual history. ECF No. 4-3 at 71. The Court will not add further degradation by quoting the exchange in this opinion. Suffice it so say, there is no discernable reason why the ALJ engaged in this offensive line of questioning, and even if the questions had some conceivable relevance to Plaintiff's disability claim, the manner in which the ALJ pursued them was totally improper.

Second, the ALJ demonstrated unacceptable hostility towards Plaintiff and

---

[2] Plaintiff also argues that the ALJ's decision fails to properly account for her impairments and fails to properly identify Plaintiff's hand limitations. Because remand is warranted based on the logical inconsistency identified above, because resolution of that consistency by the agency will involve reconsideration of all of the evidence including the evidence regarding Plaintiff's impairments and hand limitations, and because it appears that Plaintiff's additional contentions would at most entitle her to a remand at this time, the Court need not pass on these additional arguments. Plaintiff is free to raise them on remand before the agency, and the agency should consider them in reaching a new decision. Should an unfavorable decision result following remand, nothing in this Court's present decision will prevent Plaintiff from seeking judicial review based on these arguments.

towards programs created by Congress for the benefit of working people. The ALJ gratuitously denigrated the federal earned income tax credit, a benefit for working people with low to moderate incomes, stating: "I'm very familiar with the operation of the earned income credit and the scam that it runs. . . . It's the biggest scam running. The earned income tax credit is the biggest scam on record. . . . The whole thing is a scam. The whole thing is a mess." ECF No. 4-3 at 52, 54, 56. The ALJ then accused Plaintiff of misreporting her income for tax purposes and of "blam[ing] [her] tax preparer," before finally admitting that he was "not from the IRS." *Id.* at 53–54.

Considering these troubling exchanges, no reasonable observer would expect the ALJ to impartially assess Plaintiff's disability claim if this matter were remanded to him. *See Christian v. Berryhill*, Case No. 4:15-cv-3714, 2017 WL 1134152, at *13–15; *see also* 20 C.F.R. § 404.940 ("An administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party . . . ."); *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) ("The right to an unbiased ALJ is particularly important because of the active role played by ALJs in social security cases."). Therefore, to ensure that Plaintiff's case receives a fair hearing, the Court will instruct the Commissioner to assign this matter to a different, impartial ALJ on remand. *See Bordelon v. Barnhart*, 161 F. App'x 348, 352 n.12 (5th Cir. 2005) (noting that Section 405(g) of the Social Security Act "grants courts wide discretion

to dispose of matters 'with or without remanding the cause for a rehearing'" (quoting 42 U.S.C. § 405(g)), and that it is within a reviewing court's discretion to require that a case be assigned to a different ALJ on remand).

## V. Conclusion

For the reasons stated, it is ordered that Plaintiff's motion for summary judgment is **GRANTED,** that Defendant's motion for summary judgment is **DENIED**, and that the decision below is **VACATED**. This matter is **REMANDED** to the Commissioner to conduct further proceedings consistent with this opinion and with instructions that this matter be assigned to a different ALJ.

Signed on June 1, 2020, at Houston, Texas.

_____
Dena Hanovice Palermo
United States Magistrate Judge